UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: DELLA REESE ANDREW-RICHARDSON, | ) ) No. 17-01773 ) |
| Debtor. | ) Chapter 13 ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) No. 17-348 ) |
| v. | ) ) Judge Schmetterer |
| DELLA REESE ANDREW-RICHARDSON, | ) ) |
| Defendant. | ) |

## ~~UNITED STATES' PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

The United States of America, by its attorney Joel R. Levin, Acting United Stated Attorney for the Northern District of Illinois, on behalf of the Social Security Administration (SSA), submits its proposed findings of fact and conclusions of law for entry upon its motion for default judgment and states as follows:

**Proposed Findings of Fact**

A. The United States' complaint seeks a holding that Della Reese Andrew-Richardson's $53,638.38 debt to the United States is excepted from bankruptcy discharge. Doc. 1 (Compl.).

B. The court entered default against Andrew-Richardson and ordered that all allegations of the complaint are taken as confessed against Andrew-Richardson. Doc. 14.

C. Andrew Richardson defrauded the United States by intentionally failing to report work activity that, if reported, would have disqualified Andrew-Richardson from receiving the

SSA disability benefits that SSA paid her from October 2004 through May 2006 and from July 2006 through March 2009.  Compl. ¶¶ 6-22; Anders Decl. ¶ 6-9.

  D. Andrew-Richardson was aware of her obligation to report her work activity to SSA, but she never reported any work to SSA until after SSA had already learned of her earnings.  Compl. ¶¶ 6-8, 17-18; Anders Decl. ¶¶ 8-9.

  E. Due to Andrew-Richardson's fraudulent omissions, she was overpaid $54,594.78 in Social Security benefits, both her own and those of her minor child, to which she was not entitled.  Compl. ¶ 19; Anders Decl. ¶ 10.  After remittances, the current overpayment balance is $53,638.38.  Anders Decl. ¶ 10.

**Proposed Conclusions of Law**

  1. Andrew-Richardson's $53,638.38 overpayment debt to the United States is excepted from discharge by 11 U.S.C. § 523(a)(2).

          Respectfully submitted,

          JOEL R. LEVIN
          Acting United States Attorney

          By: s/ Michael J. Kelly
          MICHAEL J. KELLY
          Assistant United States Attorney
          219 South Dearborn Street
          Chicago, Illinois 60604
          (312) 353-4220
          michael.kelly@usdoj.gov

NOV 27 2017

2